UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
TYREEK PAGE,                         :
                                     :
                Plaintiff,           :
                                     :
        -v-                          :     10 Civ. 9699 (JSR)
                                     :
DANIEL MARTUSCELLO, JR.,              :     ORDER
                                     :
                Defendant.           :
-------------------------------------:
                                     :
JED S. RAKOFF, U.S.D.J.              x

       On August 23, 2011, the Honorable Andrew J. Peck, United States Magistrate Judge, issued a Report and Recommendation ("Report") in the above-captioned matter recommending that the Court deny the petition for writ of habeas corpus filed by petitioner Tyreek Page under 28 U.S.C. § 2254.

       On September 1, 2011, respondent Daniel Martuscello, Jr. filed a response to the Report agreeing with its recommendation that the petition be denied and requesting the Court to consider all of the arguments contained in his previously-filed memorandum of law before Judge Peck.  On September 6, 2011, petitioner filed objections to the Report essentially reiterating his arguments before Judge Peck as to why he was prejudiced by the pretrial performance of his attorney in the underlying state criminal proceeding.  On March 6, 2012, this Court stayed further proceedings in this case pending the Supreme Court's decision in Lafler v. Cooper, 132 S. Ct. 1376 (2012), because it appeared that that case would likely control the analysis

here. After the mandate in Lafter issued, the Court received supplemental briefing from the parties on the relevance of Lafler.

The Court has reviewed petitioner's objections and the underlying record de novo. Having done so, the Court finds itself in complete agreement with the well-reasoned Report, which the Court hereby adopts by reference. It remains only to add that Lafler in no way alters the conclusion reached by Judge Peck; indeed, the new precedent confirms the correctness of the Report's reasoning.

In Lafler and the companion case of Missouri v. Frye, 132 S. Ct. 1399 (2012), the Supreme Court held for the first time that the right to the effective assistance of counsel extends to pretrial plea bargaining and that analysis of any deprivation of that right is governed by the familiar standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), and its progeny. Lafler, 132 S. Ct. at 1384; Frye, 132 S. Ct. at 1407. Under that standard, a defendant may prevail on a claim of ineffective assistance of counsel only upon a showing that counsel provided deficient performance and that the defendant was prejudiced thereby. Lafler, 132 S. Ct. at 1384.

Lafler elaborated the prejudice prong of the Strickland standard in the plea bargaining context. Citing cases from nearly every circuit, including the Second Circuit, the Court held that, in order to show prejudice, a defendant "must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the

2

defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)." Id. at 1385 (citing United States v. Gordon, 156 F.3d 376, 380-81 (2d Cir. 1998) (per curiam)).  The Court further held that the defendant also must show "that the court would have accepted [the plea offer's] terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Id.  That is precisely the standard that Judge Peck carefully applied in the Report.  See Report at 33-41, 55-65.

Accordingly, for the reasons stated in the Report, as well as those stated above, the Court hereby denies the petition, with prejudice.  Clerk to enter judgment.

SO ORDERED.

Dated: New York, NY
       March 14, 2013

JED S. RAKOFF, U.S.D.J.

3